# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-2001V

|  |  |
|---|---|
| JOHN GUALANDI,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 25, 2025 |

*Bruce William Slane, The Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 5, 2024, John Gualandi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that an influenza ("flu") vaccination administered to him on August 1, 2023, caused him to suffer a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 26, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 21, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $72,500.00 in pain and suffering, and $1,391.29 to satisfy a New York State Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

*Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award the following compensation:

A. **A lump sum payment of $72,500.00 (representing pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B. **A lump sum payment of $1,391.29, representing compensation for satisfaction of the New York State Medicaid lien, in the form of a check payable jointly to Petitioner and:**

**New York State Department of Health**
**P.O. Box 415874**
**Boston, MA 02241-5874**
**Ref.: Recovery Case No. 283975**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |  |
|---|---|---|
| JOHN GUALANDI, | | |
| Petitioner, | | |
| v. | | No. 24-2001V |
| | | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | | ECF |
| Respondent. | | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 5, 2024, John Gualandi ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that an August 1, 2023 influenza vaccine caused him to suffer a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, or alternatively, that petitioner's supraspinatus tendinopathy, SLAP tear, anterior inferior labral tear, and subcoracoid bursitis were caused in fact by his vaccination. Petition at 1. On September 18, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending compensation under the terms of the Act for petitioner's SIRVA claim, which includes petitioner's tendinopathy and bursitis; respondent disputed that petitioner's alleged SLAP tear, anterior inferior labral tear, and acromioclavicular joint hypertrophy were related to his SIRVA or a vaccine-related injury. ECF No. 25. On September 26, 2025, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation for his SIRVA as it relates to his tendinopathy and bursitis and excluding damages related to his SLAP tear, anterior inferior labral tear, and AC joint hypertrophy. ECF No. 26. Respondent proposes the following proffer on award of compensation.

**I.      Items of Compensation**

  A. <u>Pain and Suffering</u>

  Respondent proffers that petitioner should be awarded $72,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

  B. <u>Medicaid Lien</u>

  Respondent proffers that petitioner should be awarded funds to satisfy a New York State Medicaid lien in the amount of $1,391.29, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action New York State may have against any individual as a result of any Medicaid payments New York State has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about August 1, 2023, under Title XIX of the Social Security Act.  Petitioner agrees.

  These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

  Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

  A. A lump sum payment of **$72,500.00**, to be paid through an ACH deposit to petitioner's counsel IOLTA account for prompt disbursement to petitioner; and

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings and future pain and suffering.

B. A lump sum payment of **$1,391.29**, representing compensation for satisfaction of the New York State Medicaid lien, in the form of a check payable jointly to petitioner and:

      New York State Department of Health
P.O. Box 415874
Boston, MA 02241-5874
Ref.: Recovery Case No. 283975

Petitioner agrees to endorse the check to New York State Department of Health for satisfaction of the Medicaid lien.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Rachelle P. Bishop*
RACHELLE P. BISHOP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-3662
Rachelle.P.Bishop@usdoj.gov

Dated: November 21, 2025

3